**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOANWISE FINANCIAL, LLC,**

    **Plaintiff,**

**v.**                                                                                           Case No:   6:17-cv-878-Orl-41KRS

**SAUL WALLE, RUDY HOBBS, JAMES
BEECHAM, MICHELE DERITIS, BRIAN
JAEGER, JASON SMITH and BRIAN
PEDRICK,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

**I.  BACKGROUND.**

Defendants Saul Walle, Rudy Hobbs, James Beecham, Michele Deritis, Brian Jaeger, Jason Smith, and Brian Pedrick removed this case on May 16, 2017. Doc. No. 1. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." In their notice of removal, Defendants contended that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides district courts with subject-matter jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 and the parties are citizens of different states. Doc. No. 1, at 2. They alleged that they were residents of New Jersey and that Plaintiff Loanwise Financial, LLC, was a Florida limited liability company with its principal office in Florida. *Id.*

These allegations were insufficient to establish the citizenship of the parties. First, as a limited liability company, Plaintiff is a citizen of every state in which its members are citizens—not

the state in which it is organized and where it has its principal place of business. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Defendants' notice of removal was silent as to the members of Plaintiff, preventing the Court from determining its citizenship and whether diversity jurisdiction exists in this case. Second, Defendants alleged only that they were residents of New Jersey. They did not make any allegations regarding their domicile, which is what is required to determine citizenship for individuals. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Because the burden of establishing subject matter jurisdiction falls on the party invoking removal, *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-412 (11th Cir. 1999) (*Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)), I ordered Defendants to show cause, in writing, why the case should not be remanded for lack of subject matter jurisdiction. Doc. No. 4. I required that Defendants' response include sufficient information for the Court to determine the citizenship of the parties. *Id.*

On June 2, 2017, Defendants filed an unopposed motion for leave to amend their notice of removal. Doc. No. 9. In their proposed amended notice of removal, Doc. No. 9-1, Defendants allege that they are all citizens of New Jersey, with the exception of Jaeger, who is a citizen of Pennsylvania. They also allege the following as to Plaintiff's citizenship: "The Complaint states that 'Plaintiff Loanwise Financial, LLC is a Florida limited liability company with its principal office located in Orange County, Florida.'. . . Upon information and belief, Plaintiff is a citizen of Florida, and not a citizen of any of the states of which Defendants are citizens." *Id.* at 2.

On the same day, Defendants also filed a response to my Order to Show Cause. Doc. No. 10. In their response, Defendants allege that they are all citizens of New Jersey, with the exception of Jaeger, who is a citizen of Pennsylvania. *Id.* In support of this assertion, they have submitted

copies of the affidavits of service for Defendants, all of which show that Defendants were served in New Jersey or Pennsylvania. Doc. No. 10-3. Regarding Plaintiff's citizenship, they allege as follows:

> Further, Plaintiff's own Articles o[f] Organization (attached Exhibit A) and 2017 Florida Limited Liability Company Annual Report (attached as Exhibit B) show Plaintiff's principal place of business, mailing address and Authorized Person(s) are all located in Florida. Therefore, upon information and belief, Plaintiff does not have any citizenship in the same states as Defendants.

Doc. No. 10, at 1.[1] In support of these allegations, they have submitted a copy of Plaintiff's Articles of Incorporation and amendments, which provide a Florida address for Plaintiff and designate a registered agent in Florida for Plaintiff. They also show that an individual with a Florida address was initially identified as the person authorized to manage Plaintiff and that the individual manager was later replaced with an LLC.[2] Doc. No. 10-1. Defendants have also attached a copy of Plaintiff's 2017 Florida Limited Liability Company Annual Report. This document continues to provide a Florida address for Plaintiff and designate a registered agent in Florida for Plaintiff. It also identifies an LLC with a Florida address as Plaintiff's manager. Doc. No. 10-2.

## II. DISCUSSION.

A district court has the obligation, at the earliest possible stage in the proceedings, to examine a removal *sua sponte* and determine whether the removal was proper and whether subject matter jurisdiction may be lacking. *Univ. of S. Ala.*, 168 F.3d at 410. Because removal jurisdiction raises unique federalism concerns, a district court must construe removal statutes strictly. *Id.* at

---

[1] Defendants also claim, "Plaintiff's own Complaint asserts that it is a citizen of Florida, and is silent as to any other states in which it is a citizen." Doc. No. 10, at 1. This is incorrect. The complaint does not make any allegations about Plaintiff's citizenship. It merely alleges that Plaintiff "is a Florida limited liability company with its principal office located in Orange County, Florida." Doc. No. 2 ¶ 3. As explained in my Order to Show Cause, however, Plaintiff's citizenship is not determined by its state of organization and the state in which it has its principal place of business.

[2] The amending document does not provide an address for the LLC.

411.

In this case, even assuming that Defendants' proposed amended notice of removal and response to my Order to Show Cause adequately allege Defendants' citizenship,[3] Defendants have not identified any of Plaintiff's members, let alone the states in which those members are citizens, as is required to establish Plaintiff's citizenship for diversity purposes. The fact that Plaintiff has a Florida address, a registered agent in Florida, and a manager with a Florida address does not tell the Court anything about the citizenship of Plaintiff's members. Notably, Plaintiff's Articles of Incorporation and 2017 Florida Limited Liability Company Annual Report do not identify Plaintiff's manager (currently, an LLC with a Florida address) as a member of Plaintiff. Doc. Nos. 10-1, 10-2. And even if they did, the fact that an LLC has a Florida address does not make it a citizen of Florida, nor does the identification of a managing member mean that Plaintiff has no other members. *Cf. Duke Energy Corp. v. Greenpointe Holdings, LLC*, No. 8:14-cv-3163-T-33TBM, 2015 U.S. Dist. LEXIS 27044, at *6-7 (M.D. Fla. Mar. 5, 2015) (finding that a plaintiff that identified the managing member of a limited liability company did not sufficiently allege that entity's citizenship because it did not allege that the managing member was the sole member of the limited liability company). Therefore, Defendants have failed to resolve the jurisdictional deficiencies concerning Plaintiff's citizenship.

As explained above, Defendants bear the burden of establishing subject matter jurisdiction. Because they have not met that burden, remand is required. *See* 28 U.S.C. § 1447(c) ("If at any

---

[3] It is not entirely clear that they do. Even though I informed them that Defendants' citizenship was determined with reference to their domiciles, Defendants still have not provided the Court with any information about their domiciles. The fact that they were serve at addresses in New Jersey and Pennsylvania does not establish that they are domiciled there.

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**III. RECOMMENDATION.**

Accordingly, I **RESPECTFULLY RECOMMEND** that this case be **REMANDED** for want of subject-matter jurisdiction and that the Clerk of Court be directed, thereafter, to close the file. **Plaintiff is advised that the issuance of this Report and Recommendation does not toll the time for it to file a motion to remand, should it wish to file such a motion.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 6, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy